# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| EMMANUEL MALAGON, | : | |
| | : | |
| Plaintiff, | : | CASE NO. 1:24-CV-09918 |
| | : | |
| v. | : | |
| | : | JUDGE: Hon. EdmondE. Chang |
| PINNACLE FIT CLUBS, LLC d/b/a | : | MJ: Hon. Beth W. Jantz |
| PLANET FITNESS, | : | |
| | : | |
| Defendant. | | |

## ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, Pinnacle Fit Clubs, LLC d/b/a/ Planet Fitness ("Defendant"), by counsel, and for its Answer and defenses to Plaintiff's Complaint states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. Defendant denies that it ever discriminated or otherwise harmed Plaintiff.

## JURISDICTION AND VENUE

2. Paragraph 2 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

3. Paragraph 3 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

## ADMINISTRATIVE PREREQUISITES

4. Defendant admits only that, on information and belief, Plaintiff filed a charge of discrimination with a federal or state agency and that federal or state agency issued a right to sue notice.

5. The document attached as Exhibit A speaks for itself and Defendant denies all allegations inconsistent with the text of Exhibit A.

6. The document attached as Exhibit B speaks for itself and Defendant denies all allegations inconsistent with the text of Exhibit A.

7. Defendant lacks sufficient information or knowledge to admit or deny the allegation in Paragraph 7.

## THE PARTIES

8. Defendant lacks sufficient information or knowledge to admit or deny the allegation in Paragraph 8.

9. Defendant denies the allegations in Paragraph 9.

10. Defendant admits the allegation in Paragraph 10.

11. Defendant denies the allegation in Paragraph 11.

## BACKGROUND FACTS

12. Defendant denies the allegation in Paragraph 12.

13. Defendant denies the allegation in Paragraph 13.

14. Defendant denies the allegation in Paragraph 14.

15. Based on information and belief, Defendant admits the allegation in Paragraph 15.

16. Defendant denies the allegation in Paragraph 15.

17. Defendant lacks sufficient information or belief to admit or deny what Plaintiff "experienced" and denies that the experience, whatever it was, was the result of discrimination or harassment at the hands of Defendant.

18. Defendant denies the allegation in Paragraph 18.

19. Upon information and belief, Defendant admits the allegation in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant lacks sufficient information or knowledge to admit or deny the allegation in Paragraph 21.

22. Defendant denies the allegation in Paragraph 22

23. Defendant denies the allegation in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegation in Paragraph 26.

27. Defendant denies the allegation in Paragraph 27.

28. Defendant admits that Plaintiff sent an email to one or more individuals in the HR Department in or about May 2024. That email is a written document that speaks for itself and defendant denies all allegations inconsistent with the text of the email.

29. Defendant admits only that its HR Department conducted an investigation regarding concerns raised by the Plaintiff.

30. Defendant denies the allegation in Paragraph 30.

31. Defendant denies that allegation in Paragraph 31.

32. Defendant denies the allegation in Paragraph 32.

33. Defendant denies the allegation in Paragraph 33.

34. Defendant admits that Plaintiff voluntarily went to lunch with Mr. Sahlin but lacks sufficient information or knowledge to admit or deny whether attending the voluntary lunch made him extremely uncomfortable.

35. Defendant denies the allegation in Paragraph 35.

36. On or around May 22, 2024, Plaintiff sent another email to HR, expressing his concerns about potential retaliation by Mr. Sahlin.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant admits only that it terminated Plaintiff for gross misconduct per its June 5, 2024, termination notice.

40. Defendant denies the allegation in Paragraph 40.

41. Defendant denies the allegation in Paragraph 41.

42. Defendant denies the allegation in Paragraph 42.

43. Defendant denies the allegation in Paragraph 43.

44. Defendant denies the allegation in Paragraph 44.

45. Defendant denies the allegation in Paragraph 45.

46. Defendant denies the allegation in Paragraph 46.

47. Defendant denies the allegation in Paragraph 47.

48. Defendant denies the allegation in Paragraph 48.

## COUNT I
### Violation of 42 U.S.C. § 1981
### (Race-Based Discrimination)

49. Defendant repeats and re-alleges paragraphs 1-48 as if fully stated herein.

50. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, speaks for itself and Defendant denies any allegations inconsistent with the text of the statute or the agency guidance or court opinions interpreting the same.

51. Defendant denies the allegation in Paragraph 51.

52. Defendant denies the allegation in Paragraph 52.

53. Defendant denies the allegation in Paragraph 53.

54. Defendant denies the allegation in Paragraph 54.

## COUNT II
## Violation of Title VII of the Civil Rights Act of 1964
## (Race-Based Harassment)

55. Defendant repeats and re-alleges paragraphs 1-54 as if fully stated herein.

56. Defendant denies the allegation in Paragraph 56.

57. Defendant denies the allegation in Paragraph 57.

58. Defendant denies the allegation in Paragraph 58.

59. Defendant denies the allegation in Paragraph 59.

60. Defendant denies the allegation in Paragraph 60.

61. Defendant denies the allegation in Paragraph 61.

62. Defendant denies the allegation in Paragraph 62.

## COUNT III
## Violation of Title VII of the Civil Rights Act of 1964

### (Race-Based Discrimination)

63. Defendant repeats and re-alleges paragraphs 1-63 as if fully stated herein.

64. Defendant denies the allegation in Paragraph 64.

65. Defendant denies the allegation in Paragraph 65.

66. Defendant denies the allegation in Paragraph 66.

67. Defendant denies the allegation in Paragraph 67.

68. Defendant denies the allegation in Paragraph 68.

69. Defendant denies the allegation in Paragraph 69.

70. Defendant denies the allegation in Paragraph 70.

71. Defendant denies the allegation in Paragraph 71.

## COUNT IV
### Violation of 42 U.S.C. § 2000e, et seq.
### (Retaliation)

72. Defendant repeats and re-alleges paragraphs 1-71 as if fully stated herein.

73. Based on information and belief, admitted.

74. Defendant denies the allegation in Paragraph 74.

75. Defendant denies the allegation in Paragraph 75.

76. Defendant denies the allegation in Paragraph 76.

77. Defendant denies the allegation in Paragraph 77.

78. Defendant denies the allegation in Paragraph 78.

79. Defendant denies the allegation in Paragraph 79.

80. Defendant denies the allegation in Paragraph 80.

## COUNT V
### Violation of Title VII of the Civil Rights Act of 1964
### (National Origin-Based Discrimination)

81. Defendant repeats and re-alleges paragraphs 1-80 as if fully stated herein.

82. Defendant denies the allegation in Paragraph 82.

83. Defendant denies the allegation in Paragraph 83.

84. Defendant denies the allegation in Paragraph 84.

85. Defendant denies the allegation in Paragraph 85.

86. Defendant denies the allegation in Paragraph 86.

87. Defendant denies the allegation in Paragraph 87.

88. Defendant denies the allegation in Paragraph 58.

## COUNT VI
### Violation of Title VII of The Civil Rights Act of 1964
### (National Origin-Based Harassment)

89. Defendant repeats and re-alleges paragraphs 1-88 as if fully stated herein.

90. Defendant denies the allegation in Paragraph 90.

91. Defendant denies the allegation in Paragraph 91.

92. Defendant denies the allegation in Paragraph 92.

93. Defendant denies the allegation in Paragraph 93.

94. Defendant denies the allegation in Paragraph 94.

95. Defendant denies the allegation in Paragraph 95.

96. Defendant denies the allegation in Paragraph 96.

97. Defendant denies the allegation in Paragraph 97.

### COUNT VII
### Violation of Title VII of The Civil Rights Act of 1964
### (Retaliation)

98. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

99. Based on information and belief, admitted.

100. Defendant denies the allegation in Paragraph 100.

101. Defendant denies the allegation in Paragraph 101.

102. Defendant denies the allegation in Paragraph 102.

103. Defendant denies the allegation in Paragraph 103.

104. Defendant denies the allegation in Paragraph 104.

105. Defendant denies the allegation in Paragraph 105.

106. Defendant denies the allegation in Paragraph 106.

107. Defendant denies the allegation in Paragraph 107.

WHEREFORE, Defendant respectfully requests that this Court find in Defendant's favor and against Plaintiff, award Defendant its attorneys' fees in this matter, and for such further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury.

## DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. To the extent Plaintiff suffered the harm of which he complains, said harm was caused by someone or some entity other than Defendant.

3. All conduct and actions on the part of Defendant concerning Plaintiff were wholly based on legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons.

4. Plaintiff's claims fail because Plaintiff cannot show a valid comparator.

5. To the extent Plaintiff is entitled to any of the damages sought by the Complaint, those damages are recoverable against other entities or individuals not named in the Complaint.

6. Plaintiff's claims are barred by laches and/or the applicable statute of limitations.

7. Plaintiff has failed to mitigate his damages.

8. Any claim for punitive damages is barred because the alleged acts or omissions of Defendant do not rise to the level required to sustain an award of punitive damages, do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff her protected rights, were not so wanton or willful as to support an award of punitive damages, and do not otherwise entitle Plaintiff to punitive damages.

9. Plaintiff's claimed damages are limited by the absence of cognizable damages.

10. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

11. Defendant asserts all those defenses set forth in Fed R. Civ. P. 8(c).

12. Defendant reserves the right to assert additional defenses to Plaintiff's claims as may be identified during discovery in this matter.

13. Defendant reserves the right to modify, withdraw, or add to the above list of defenses as discovery progresses.

WHEREFORE, Defendant respectfully requests that this Court find in Defendant's favor and against Plaintiff, award Defendant its attorneys' fees in this matter, and for such further relief as the Court deems appropriate.

**DATED: NOVEMBER 21, 2024**

    Respectfully submitted,

    s/ Christopher T. Grohman
    Christopher T. Grohman (IL Bar No. 6312144)
    BENESCH FRIEDLANDER COPLAN &
    ARONOFF LLP
    71 South Wacker Drive, Suite 1600
    Chicago, IL 60606-4637
    Telephone: 312-212-4943
    Facsimile: 312-767-9192
    Email: cgrohman@beneschlaw.com

    Joseph Reiner Blalock (*Pro Hac Vice forthcoming*)
    BENESCH FRIEDLANDER COPLAN &
    ARONOFF LLP
    41 South High Street, Suite 2600
    Columbus, OH 43215-6164
    Telephone: 614-223-9359
    Facsimile: 614-223-9330
    Email: jblalock@beneschlaw.com

    *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this November 21, 2024, a true copy of the foregoing was filed electronically vie the Court' CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/* Christopher T. Grohman
Christopher Grohman
*Attorney for Defendant*